UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MUNICIPAL DERIVATIVES ANTITRUST LITIGATION ) ) ) ) ) This Document Relates to: ) ) ALL ACTIONS ) ) ) | Master Docket No. 08 Civ. 2516 (VM) (GWG) MDL No. 1950 USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 12/12/13 |

## ORDER PRELIMINARILY APPROVING
## CLASS ACTION SETTLEMENT

WHEREAS, Class Plaintiffs' Counsel (as defined in the Settlement Agreement, dated October 18, 2013 ("Agreement")) have applied for an order preliminarily approving the terms and conditions of the Settlement with defendant Bank of America, N.A. ("Defendant"), as set forth in the Agreement, together with the Exhibits annexed thereto;

WHEREAS, the Settlement requires, among other things, that all Released Claims against Releasees be settled and compromised;

WHEREAS, this application is uncontested by Defendant; and

WHEREAS, this Court having considered the Agreement and Exhibits annexed thereto, Class Plaintiffs' Motion for Preliminary Approval of the Settlement and all papers filed in support of such motion;

NOW, THEREFORE, pursuant to the Federal Rule of Civil Procedure 23, it is hereby ORDERED that:

1. The capitalized terms used herein shall have the meanings set forth in the Agreement.

2. The Court preliminarily approves the Settlement as set forth in the Agreement, including the releases contained therein, as being fair, reasonable and adequate to the Class, subject to the right of any Class Member to challenge the fairness, reasonableness or adequacy of the Agreement and to show cause, if any exists, why a final judgment dismissing the Action against Defendant, and ordering the release of the Released Claims against Releasees, should not be entered after due and adequate notice to the Class as set forth in the Agreement and after a hearing on final approval.

3. The Court finds that the Agreement was entered into at arm's length by highly experienced counsel and is sufficiently within the range of reasonableness that notice of the Agreement should be given as provided in the Agreement.

4. The Court conditionally certifies the Class (set forth herein) for purposes of the Settlement as to Defendant:

> All state, local and municipal government entities, independent government agencies, quasi-government, non-profit and private entities that (i) purchased by negotiation, competitive bidding or auction Municipal Derivative Transactions from Defendant and/or Releasees or any Alleged Provider Defendant or Alleged Provider Co-Conspirator, or (ii) purchased by negotiation, competitive bidding or auction Municipal Derivative Transactions brokered by any Alleged Broker Defendant or Alleged Broker Co-Conspirator, at any time from January 1, 1992 through August 18, 2011, in the United States and its territories or for delivery in the United States or its territories, excluding (a) any entity that provided Defendant with a release of any claims it may have against Defendant as a result of opting into the State AG Settlement; (b) any state whose Attorney General entered into the State AG Settlement; (c) any entity that has otherwise settled with Defendant and/or otherwise provided a release of any claims it may have against Defendant; (d) the Defendant or

Releasees; (e) any Alleged Provider Defendant, Alleged Provider Co-Conspirator, Alleged Broker Defendant and Alleged Broker Co-Conspirator; and (f) any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staffs.

5. The Court finds that the certification of the Class for purposes of the Settlement as to Defendant is warranted in light of the Settlement because: (i) the Class is so numerous that joinder is impracticable; (ii) Class Plaintiffs' claims present common issues that are typical of the Class; (iii) Class Plaintiffs and Class Plaintiffs' Counsel will fairly and adequately represent the Class; and (iv) common issues predominate over any individual issues affecting the Class Members. The Court further finds that Class Plaintiffs' interests are aligned with the interests of all other Class Members. The Court also finds that resolution of this Action on a class basis for purposes of the Settlement as to Defendant is superior to other means of resolution.

6. The Court hereby appoints Class Plaintiffs' Counsel as counsel to the Class for purposes of the Settlement, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

7. Class Plaintiffs City of Baltimore, Maryland, the Central Bucks School District, and the Bucks County Water & Sewer Authority will serve as representatives of the Class for purposes of the Settlement.

8. As of the date hereof, all proceedings in the Action as to Defendant shall be stayed and suspended until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

9. All protective orders in force as of the date of this Order are hereby amended to apply to all materials and information provided by Defendant in connection with the Settlement (including but not limited to information with respect to the potential or actual Class Members).

10.     The Court hereby schedules a hearing to occur on **June 6**, 2014, at **10:30** a.m. in Courtroom **11B** at **500 Pearl St.** to determine whether (i) the proposed Settlement as set forth in the Agreement, should be finally approved as fair, reasonable and adequate pursuant to the Federal Rule of Civil Procedure 23; (ii) an order approving the Agreement and a Final Judgment should be entered; and (iii) the application of Class Plaintiffs' Counsel for an award of attorneys' fees and expenses in this matter should be approved. All papers in support of final approval of the Settlement shall be filed thirty (30) days before the fairness hearing. No later than twenty (20) days before the hearing, all papers shall be filed and served by objectors or persons other than the parties to the Action. No later than seven (7) days before the hearing, all relevant reply papers shall be filed and served by the parties to the Action.

11.     Neither this Order, the Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or Settlement is or may be used as an admission or evidence (i) of the validity of any claims, alleged wrongdoing or liability of Defendant or (ii) of any fault or omission of Defendant in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

12.     Neither this Order, the Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or Settlement is or may be used as an admission or evidence that the claims of Class Plaintiffs lacked merit in any proceeding against anyone other than Defendant in any court, administrative agency or other tribunal.

13.     In the event that the Agreement is terminated in accordance with its provisions, the Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Agreement, and without prejudice to the status quo ante rights of Class Plaintiffs, Defendant and the Class Members.

14. No later than ten (10) days after the Motion for Preliminary Approval of the Settlement has been filed with the Court, Defendant will serve the Class Action Fairness Act ("CAFA") Notice on the Attorney General of the United States and the state attorneys general as required by 28 U.S.C. § 1715(b). Thereafter, Defendant will serve any supplemental CAFA Notice as appropriate.

ENTERED this 12th day of December 2013.

_____
Hon. Victor Marrero